# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**SOUTHWEST ENERGY DISTRIBUTORS, INC.**
**d/b/a NATIONAL TRUCK STOP,**

**Plaintiff,**

**v.**                                                              **CIV. No. 99-851 JP/DJS**

**WASHINGTON INVENTORIES SERVICE, INC.,**

**Defendant.**

## MEMORANDUM OPINION AND ORDER

On July 30, 1999 Plaintiff Southwest Energy Distributors, Inc. filed a complaint alleging

violation of the Unfair Trade Practices Act, breach of contract, breach of covenant of good faith

and fair dealing, fraud, negligence and negligent misrepresentation against Defendant Washington

Inventories Service, Inc.  On November 5, 1999 Defendant filed a Motion to Dismiss the

negligent misrepresentation, Unfair Practices Act, and fraud claims under Fed. R. Civ. P.

12(b)(6).  (Doc. No. 7).  The motion will be denied with respect to the negligent

misrepresentation and Unfair Practices Act claims, and granted with respect to the fraud claim.

## I.       Background

The facts of the case as alleged in the Plaintiff's complaint are as follows:

From on or about November 3, 1997 through November 1998, Defendant was under contract

with Plaintiff to inventory Plaintiff's truck stop and retail store in Vado, New Mexico.  During

that time, Defendant assigned Angelita Homer as the "crew leader" for the services Defendant

was to provide to Plaintiff.   Plaintiff alleges that Ms. Homer either did not perform the

inventories, while representing to have done so, or was negligent in performing them.

On November 3, 1998 Defendant's inventory showed a $7,999.00 difference between the inventory on the books and actual inventory in the store. Alarmed by this, because it was the largest discrepancy in the store's inventory during 1998, Plaintiff retained RGIS, a different inventory service provider, to double-check the store. Plaintiff did not trust the reliability of Defendant's performance. RGIS's inventory showed a $110,003.23 difference between actual and book inventory. Plaintiff then requested that Defendant re-inventory the store, which Defendant did. Defendant's re-count showed a $112,733.10 difference, an amount approximately $100,000.00 greater than the discrepancy found by Defendant earlier that month.

## II.    Standard of Review

In considering a motion under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim, the court must liberally construe the pleadings, accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. See Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984). The issue before a court considering a motion to dismiss is not "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint may be dismissed only if it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Thus, all well-pleaded facts, as distinguished from conclusory allegations, must be taken as true. See Swanson, 750 F.2d at 813.

## III.   Discussion

As a preliminary matter, I note that in this diversity action jurisdiction appears proper.

Defendant argues in a footnote, without any citation to authority, that Plaintiff "cannot meet the jurisdictional amount to meet the requirements of diversity jurisdiction." (D's Memo. Br. in Supp. at 2 n. 2.) Defendant claims that because it remedied any alleged problems with its "original inventory" there are no damages for "the benefit of any contract breach." (Id.)

Defendant's cursory afterthought of an argument is without merit. It is addressed in some detail here solely because it relates to this court's jurisdiction. Even assuming the validity of Defendant's questionable assertion as to contract damages, lack of diversity jurisdiction is not apparent. Plaintiff has also alleged several non-contract claims, any of which could conceivably supply the requisite amount of damages. It does not appear to a legal certainty that Plaintiff cannot meet the minimum amount in controversy as to its other claims. Instead, it is conceivable that an award could exceed $75,000 given that Plaintiff is pursuing some claims for which punitive damages may be legitimately awarded, others for which damages may be trebled, and statutory attorney's fees. See Watson v. Blankinship, 20 F.3d 383, 386 (10th Cir. 1994). Also, Defendant has not argued that Plaintiff did not have a good faith belief that the necessary amount in controversy was met at the time of filing. See id. Indeed, nothing suggests otherwise, so jurisdiction appears proper.

### A.      Negligent Misrepresentation

Plaintiff claims that Defendant negligently represented the nature and scope of its inventory services by representing, incorrectly, that the inventories were fully performed, and that Plaintiff relied on these statements of full performance to its detriment. Defendant argues first that Plaintiff failed to allege any false representation of fact and second that Plaintiff did not and cannot allege that it relied on Defendant's representations.

The elements of the tort of negligent misrepresentation, as applied in New Mexico, are set

forth in the Restatement (Second) of Torts § 552 (1977) which reads:

(1)     One who, in the course of his business, profession or employment, or in any other
        transaction in which he has a pecuniary interest, supplies false information for the
        guidance of others in their business transactions, is subject to liability for pecuniary
        loss caused to them by their justifiable reliance upon the information, if he fails to
        exercise reasonable care or competence in obtaining or communicating the
        information.

(2)     Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to
        loss suffered

        (a)     by the person or one of a limited group of persons for whose
                benefit and guidance he intends to supply the information or knows
                that the recipient intends to supply it;  and

        (b)     through reliance upon it in a transaction that he intends the
                information to influence or knows that the recipient so intends or in
                a substantially similar transaction.

(3)     The liability of one who is under a public duty to give the information extends to
        loss suffered by any of the class of persons for whose benefit the duty is created, in
        any of the transactions in which it is intended to protect them.

See Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A., 106 N.M. 757, 761-62,  750 P.2d

118, 122-123 (1988).  To succeed on a negligent misrepresentation claim, there must be a duty on

the part of one furnishing information and a right of the one receiving the information to rely on it.

See id.  Negligent misrepresentation can arise where, as here, a failure to supply information is

alleged.  See UJI 13-1632 NMRA 2000.

First, Defendant does not argue the absence of any duty to communicate but rather that

Plaintiff has failed to allege that Defendant breached a duty by making a false statement or by a

misleading failure to disclose.  Plaintiff has alleged that Defendant breached that duty.  While

Plaintiff does state that Defendant represented that it completed these inventories, the allegations

suggest that at least the first November 1998 inventory was not completed in the manner for which Defendant had a duty to do so or was not completed at all. The fact that Defendant's re-inventory revealed that its first November 1998 inventory was substantially off-mark supports the assertion that Ms. Homer's representation as to the scope of the first November 1998 inventory was false.

To the extent Defendant argues that Plaintiff fails to state a claim because the alleged false representation occurred <u>after</u> "its business transaction," Defendant misunderstands the factual allegations and the law. (<u>See</u> D's Memo. in Supp. at 5.) The "transactions" to which the Restatement refers are not limited to those between Plaintiff and Defendant. Further, Ms. Homer's statement that the inventory was complete did not come "after" but rather during the transactions between the parties.

Also, even if, as Defendant claims, "the substance of the allegations" is that Defendant failed to inform Plaintiff that Ms. Homer based her first November 1998 inventory on pre-counts supplied by Plaintiff's personnel, it is inappropriate at this stage of the litigation to determine that Plaintiff has not stated a claim on which relief may be granted. Ms. Homer's failure to tell Plaintiff that she used certain information provided by Plaintiff's employees in the first November 1998 inventory, if indeed she did use the information and then failed to tell Plaintiff, cannot literally be a false statement, as Defendant notes. But, it may be a misleading representation by omission and, if so, would support a negligent misrepresentation claim.

Defendant also will not prevail on its second argument, that Plaintiff did not and cannot demonstrate reliance upon the representation that the allegedly negligent November 1998 inventory was complete. By Defendant's own admission, Plaintiff relied on Defendant's

inventories for internal business. (See D's Reply at 6.) The language Defendant cites from the

Restatement (Second) of Torts strongly suggests that no further reliance is necessary. Generally

summarized, the Restatement places liability upon one who supplies false information "for the

guidance of others in their business transactions." There is no mention of any "third party,"

contrary to Defendant's suggestion. Even the decision from the Northern District of Illinois upon

which Defendant relies leaves room for cases involving no additional parties. See National Car

Corp. v. Whitaker, Corp., 505 F. Supp. 147, 150 (N.D. Ill. 1981) ("That tort has been recognized

almost exclusively in situations where information was supplied that damaged a plaintiff in

relations with third parties.") (emphasis added).

Even assuming, however, that some further transaction is necessary, it defies logic to

argue, as Defendant does, that Plaintiff did not rely on Defendant's representation that the

November 1998 inventory was complete because Plaintiff questioned that representation.

Defendant cites no authority for the proposition that reliance on an alleged misrepresentation,

prompting the hiring of a second contractor to test the accuracy of the first, is not reliance at all.

Accordingly, Defendant's motion will be denied with respect to the negligent misrepresentation

claim.

**B.      Unfair Practices Act**

Defendant moves to dismiss the Unfair Practices Act (N.M. Stat. Ann. § 57-12-1 through

-22) claim on the ground that Plaintiff has not alleged facts sufficient to prove that Defendant

made a false or misleading statement. For reasons already discussed, Plaintiff has asserted that

Defendant's employee, Ms. Homer, made a false or misleading representation when she

represented the first November inventory and perhaps others were complete. At this stage of the

case, the only question is whether Plaintiff has alleged a set of facts which would entitle it to relief and I find that it has.

The essential elements of an Unfair Practices Act claim are "(1) a false or misleading representation (2) knowingly made (3) in connection with the sale of goods or services (4) in the regular course of trade or commerce (5) which may, tends to, or does deceive or mislead any person." Thompson v.Youart, 109 N.M. 572, 576, 787 P.2d 1255, 1259 (Ct. App.1990). An intent to deceive is not a predicate to finding liability but when the charge relates to an alleged non-disclosure, such non-disclosure must be knowingly made. See Richardson Ford Sales, Inc. v. Johnson, 100 N.M. 779, 782-83, 676 P.2d 1344, 1347-48 (Ct. App. 1984). See also Stevenson v. Louis Dreyfus Corp, 112 N.M. 97, 100-01, 811 P.2d 1308, 1311-12 (1991). Plaintiff has alleged that Ms. Homer did not actually inventory Plaintiff's premises during the course of the business relationship while representing that she did. (See Complaint at ¶¶ 10-12.) This allegation states a claim.

Hubbard v. Albuquerque Truck Center, Ltd., 125 N.M. 153, 958 P.2d 111 (Ct. App. 1998) does not dictate a different outcome. In that case a garage failed to repair a truck after contracting to fix it. The court, after trial, found that this failure was not a violation of the Unfair Practices Act. "[T]he mere fact of bad result" does not require a finding of a Unfair Practices Act violation. Id. at 160-61. The short and plain statement of allegations in this case, however, could ultimately support something more than a bad result.

Because it has adequately alleged a claim under the Unfair Practices Act, Defendant's request for attorneys' fees under N.M. Stat. Ann. § 57-12-10 (D) for defending a "groundless" Unfair Practices Act claim will be denied. Plaintiff's request for attorney's fees for responding to

Defendant's motion will also be denied as Plaintiff provides no authority for its request.

## C.     Fraud

Defendant argues that Plaintiff fails to state a claim for fraud because it did not allege with the requisite particularity any false statement or the consequences of any false statements and how it relied upon those statements. Defendant also argues that Plaintiff's allegations that the representations were negligent cannot form the basis of a claim for fraud. Defendant asserts that there are no allegations that false statements were knowingly or recklessly made with the intent to mislead Plaintiff.

Plaintiff contends that it pleaded fraud with the particularity needed to put Defendant on notice of the allegations against it and provided a basis for Defendant to frame a responsive pleading. Plaintiff points to its allegations that Ms. Homer's failure to inform Plaintiff that the inventories were not done is fraud by omission and that Plaintiff has relied on Defendant's statements by adjusting the security of the store based upon the shrinkage shown in inventory.

Fed. R. Civ. P. 9(b) states that a plaintiff must plead fraud with particularity. The court in United States v. Cheng, 184 F.R.D. 399, 400 (D.N.M. 1998), interpreted Rule 9 to require allegations about the time, place and contents of the false representation, the identity of the party making the false statements and consequences thereof. These heightened pleading requirements supplement the obligation of a plaintiff to properly allege the basic elements of fraud, whether by omission or commission.

The elements of fraud include a "false representation, knowingly or recklessly made, with the intent to deceive, for the purpose of inducing the other party to act." Gardner v. Gholson, 114 N.M. 793, 801, 845 P.2d 1247, 1255 (Ct. App. 1992) (emphasis added). Plaintiff does not

allege or even allude in its fraud count that Defendant withheld information or provided misinformation knowingly or recklessly with the intent of misleading Plaintiff. Instead, in the section of the complaint entitled "Count V.- Fraud," Plaintiff describes Defendant's actions as "negligent." (Complaint at ¶ 40.) While, as Plaintiff points out, intent may be inferred, see Maxey v. Quintana, 84 N.M. 38, 42, 499 P.2d 356, 360 (Ct. App. 1972), here no such inference is appropriate. The plain allegation of the complaint is that Defendant was negligent in reporting to Plaintiff concerning the nature and scope of inventory services. Although Plaintiff purports to incorporate into its fraud count the remainder of the complaint, which includes the allegation that Ms. Homer did not actually inventory the truck stop but represented she did, this charge does not state or imply that Ms. Homer made a representation with the intent to deceive. (See Complaint at ¶ 12.) And even if this allegation, made under another heading, could be read as a claim that Defendant's agent intended to mislead Plaintiff, it does not suffice to cause the court to turn a blind eye to the description of Defendant's allegedly fraudulent conduct, within the fraud count itself, as negligent. Negligent conduct does not amount to fraud. See Eckhardt v. Charter Hosp. of Albuquerque, 124 N.M. 549, 562, 953 P.2d 722, 735 (Ct. App. 1997) (contrasting mens rea of negligence and fraud). Defendant's motion to dismiss will, therefore, be granted with respect to the fraud claim.

Plaintiff requests leave to amend upon a finding that it failed to state fraud with particularity. As noted, however, the main reason Plaintiff failed to state a claim for fraud was because it specifically described Defendant's conduct as negligent. Plaintiff's request for leave to amend its complaint will therefore be denied.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Dismiss (Doc. No. 7) is

denied with respect to the negligent misrepresentation and Unfair Practices Act claims and

granted, with prejudice, with respect to the fraud claim.


_____
**UNITED STATES DISTRICT JUDGE**