# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

**SOUTHWEST ENERGY DISTRIBUTORS, INC.**
**d/b/a NATIONAL TRUCK STOP,**

**Plaintiff,**

**v.**                                                    **CIV. No.  99-851 JP/DJS**

**WASHINGTON INVENTORY SERVICE, INC.,**

**Defendant.**

## MEMORANDUM OPINION AND ORDER

On May 9, 2000 Plaintiff filed a Motion to Amend, (Doc. No. 28), under Fed. R. Civ. P.

15(a) seeking to amend its complaint "to clarify the nature of its claims against" Defendant

Washington Inventory Service, Inc, and to add Angelita Homer as a named defendant.

Rule 15(a) states in relevant part that "a party may amend the party's pleading only by

leave of the court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P.

15(a).  "In the absence of any apparent or declared reason--such as undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, [or] futility of amendment," leave to amend should be freely granted.  *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962).  The grant or denial of a motion to amend under Fed. R. Civ. P.

15(a) is within the discretion of the trial court, although it is an abuse of discretion to deny a

motion to amend without providing justification.  *Id.*

Under the Provisional Discovery Plan, the deadline for amending Plaintiff's complaint and adding parties expired on December 15, 1999. Plaintiff nevertheless argues that it should be allowed to amend its complaint because Plaintiff did not learn that Defendant was denying that it was vicariously liable for the acts of its employees until March 3, 2000 when Defendant filed a "complete" answer to Plaintiff's complaint. Plaintiff contends that now that Defendant is denying that it is vicariously liable, Plaintiff should be allowed to add Ms. Homer as a defendant in order to "assure that all responsible parties are joined in the case." (Memo. at 2.)

Defendant argues that Plaintiff's motion should be denied as untimely and prejudicial. As Defendant points out, Plaintiff knew of Ms. Homer's involvement in the case when Plaintiff filed its July 30, 1999 complaint. *See* Complaint at ¶¶ 11-12 (alleging that Ms. Homer was the crew leader for services Defendant provided to Plaintiff and that she either failed to inventory the store or negligently did so). Plaintiff also raised the issue of vicarious liability in its complaint. *See* Complaint at ¶ 13 ("Defendant is vicariously liable for all acts of Ms. Homer or any other agent of Defendants [sic] . . . .").

Having reviewed the briefs and the applicable law, I conclude that Plaintiff's motion should be denied because it is untimely. "It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, *see Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991); *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1133 (10th Cir. 1987), especially when the party filing the motion has no adequate explanation for the delay, *Woolsey*, 934 F.2d at 1462." *Frank v. U.S. West Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993). Plaintiff has also failed to provide a sufficient explanation of why it should be allowed to

add Ms. Homer as a defendant at this late date or why the Defendant may not be vicariously liable for the acts of its employees. *See id.* at 1366 ("Furthermore, '[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.'") (citing *Las Vegas Ice*, 893 F.2d at 1185).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Amend, (Doc. No. 28), is DENIED.

_____

UNITED STATES DISTRICT JUDGE