IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST ENERGY
DISTRIBUTORS, INC.,

    Plaintiff,

vs.                                                                      Civ. No.  99-851 JP/DJS

WASHINGTON INVENTORIES
SERVICE, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On September 22, 2000, the Defendant filed a Motion for Summary Judgment (Doc. No. 52). As a preliminary matter, I note that the Defendant filed two pleadings in reply to the Plaintiff's response to this motion for summary judgment.  When taken together these two pleadings exceed the page limitation for a reply brief under D.N.M. LR-Cv 7.7.  I will consider only Washington Inventory Service, Inc.'s Reply in Support of Its Motion for Summary Judgment (Doc. No. 62), filed October 16, 2000, because it complies with Rule 7.7.  I will, therefore, strike Washington Service Inc.'s Reply to Counter-Statement of Facts (Doc. No. 63), filed October 16, 2000, as excessive.  After a careful review of the briefs and the relevant law, I have determined that Defendant's motion for summary judgment should be granted in part.

I. Background

The Plaintiff is the owner and operator of a truck stop in Vado, New Mexico which operates a retail store as part of the truck stop.  From March 1997 through November of 1998, the Plaintiff contracted with the Defendant to inventory the Vado store.  On November 3, 1998, the Defendant's inventory report showed a $7,999.00 difference between the amount of inventory

on the Vado store's books and the amount accounted for by the Defendant. This shortage was more than double any shortage reported in 1998. As a result of this large shortage, the Plaintiff retained RGIS to inventory the store. The RGIS inventory showed a $110,003.23 shortage. Plaintiff then requested the Defendant to perform a repeat inventory for November. The repeat inventory showed a $112,733.10 shortage, an approximately $104,000 difference between the Defendant's first November shortage amount and its repeat inventory shortage.

The Plaintiff is now suing the Defendant for inventory errors. Plaintiff's remaining claims[1] against the Defendant are for violations of the New Mexico Unfair Trade Practices Act (UTPA) (NMSA 1978, §57-12-1 through §57-12-22), breach of contract, breach of the covenant of good faith and fair dealings, negligence, and negligent misrepresentation. I will address the Defendant's arguments in favor of summary judgment in the order presented in the memorandum in support of summary judgment.

II. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with

---

[1] I dismissed with prejudice the Plaintiff's fraud claim on February 24, 2000. Memorandum Opinion and Order (Doc. No. 19).

evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Id*.

III. Discussion

    A. The UTPA Claim

The Defendant argues that the Plaintiff cannot establish a UTPA claim because the Defendant performed the inventory counting services as provided in the contract; the Defendant properly accepted and incorporated Paul Walker's prelists[2]; and the Defendant did not misrepresent the scope of its inventory counts.  The Plaintiff argues, on the other hand, that the Defendant violated the UTPA by (1) representing that its inventory services are of a particular standard quality or grade when they were not, (2) offering inventory services with an intent not to supply them in the quantity or the manner represented, (3) failing to state a material fact to the detriment of the Plaintiff and (4) failing to deliver the quality or quantity of services contracted for.  *See* NMSA 1978, §57-12-2(D)(7), (9), (14), and (17) (1967).

The elements of a UTPA claim are "(1) a false or misleading representation (2) knowingly made (3) in connection with the sale of goods or services (4) in the regular course of trade or commerce (5) which may, tends to, or does deceive or mislead any person." *Thompson v. Youart*, 109 N.M. 572, 576, 787 P.2d 1255, 1259 (Ct. App. 1990).  Although an intent to deceive is not a predicate to finding liability under the UTPA, a person must knowingly fail to make a disclosure.

---

[2]Paul Walker was the Vado store's manager during the time the Defendant inventoried the store.  He provided the Defendant's inventory crew with prelists or lists of inventory previously counted by store personnel which were included in the store counts.  No record of those prelists exists.

*See Richardson Ford Sales, Inc. v. Johnson,* 100 N.M. 779, 782-83, 676 P.2d 1344, 1347-48 (Ct. App. 1984).  *See also Stevenson v. Louis Dreyfus Corp.*, 112 N.M. 97, 100-01, 811 P.2d 1308, 1311-12 (1991).

It is undisputed that the Defendant performed monthly inventories at the Vado store. However, there is a dispute as to the purported quality of those inventories and whether the Defendant knowingly failed to make disclosures to the Plaintiff.  For instance, the Defendant did not audit its counters as required by its own policies and procedures to ensure the accuracy of the counts.  There is also a question as to whether the counting crew was too small and counted in too short a time to produce accurate counts.  In addition, there is a factual issue concerning the propriety of using prelists of unverified or unseen merchandise in counting inventory.  If prelists are acceptable in producing inventory reports, there is an additional question of whether the crew manager in this case followed the correct protocol in documenting the use of prelists.  These questions of fact directly pertain to whether the Defendant knowingly misled the Plaintiff as to the accuracy of the inventory counts.  Hence, summary judgment is not warranted with respect to the UTPA claim.

B.  Negligent Misrepresentation

The Defendant also argues that the Plaintiff cannot establish the essential elements of its claim for negligent misrepresentation.  Specifically, the Defendant states that it performed actual inventories, made no misrepresentations, exercised reasonable care in accepting Mr. Walker's prelists, and did not make misrepresentations by omission. The Complaint alleges that the "Defendant made negligent representations to Plaintiff concerning the nature and scope of inventory services for [Plaintiff] by representing that said inventories were fully performed."

4

Complaint (Doc. No. 1) at ¶34, filed July 30, 1999.[3]

The elements of negligent misrepresentation in New Mexico are (1) defendant made a false or misleading representation of fact to plaintiff, (2) defendant failed to exercise ordinary care in obtaining or communicating the representation, (3) defendant should have reasonably foreseen that plaintiff would be harmed by the incorrect or misleading representation of fact, and (4) plaintiff justifiably relied on the representation.  U.J.I. 13-1632 NMRA 1998.  To recover under a claim of negligent misrepresentation "the offending party must have breached a duty of disclosure owed to the injured party...." *Ruiz v. Garcia*, 115 N.M.269, 274, 850 P.2d 972, 977 (1993)(citing *Stotlar v. Hester*, 92 N.M. 26, 28, 582 P.2d 403, 405 (Ct. App.), *cert. denied*, 92 N.M. 180, 585 P.2d 324 (1978)).  Moreover, negligent misrepresentation can arise where there is a failure to supply information.  U.J.I. 13-1632 NMRA 1998 (Committee Note); *R. A. Peck, Inc. v. Liberty Federal Sav. Bank*, 108 N.M. 84, 88, 766 P.2d 928, 932 (Ct. App. 1988)("person may be held liable for damages caused by a failure to disclose material facts to the same extent that a person may be liable for damages caused by ... negligent misrepresentation.").

In this case, the Defendant represented that it would provide reasonably accurate inventory services.  The Defendant does not argue that it had no duty to produce reasonably accurate inventory reports.[4]  However, the use of Mr. Walker's prelists, lack of audits, the sometimes small size of the counting crew, and the fast counting rates all raise the factual question

---

[3]Contrary to the Defendant's contentions, I find that the Complaint sufficiently states a claim of negligent misrepresentation based on omission.

[4]The Plaintiff implies that the Defendant had a duty to disclose to the Plaintiff what safeguards were not used to assure accurate inventory counts.  The appropriate issue is whether the Defendant had a duty to provide a reasonably accurate inventory report, a duty that the Defendant does not dispute.

of whether the Defendant exercised ordinary care in making its representation of accurate inventorying. If I, as the fact finder, determine that the prior inventories were improper and probably inaccurate, I would then need to answer the additional factual question of whether the Defendant should have reasonably foreseen that the misleading representation of accurate inventory reports harmed the Plaintiff by denying it an earlier opportunity to either investigate any theft of inventory, prevent further theft, or make appropriate personnel and stocking decisions. It is undisputed that the Plaintiff had the right to rely on the inventory reports to make business decisions regarding matters like store and inventory security, personnel, and stocking of inventory.  Whether the Plaintiff reasonably relied on the inventory reports to make these kinds of business decisions also is a question of fact for the fact finder to decide.  *See Western States Mechanical Contractors, Inc. v. Sandia Corp.*, 110 N.M. 676, 679, 798 P.2d 1062, 1065 (Ct. App.), *cert. denied,* 110 N.M. 653, 798 P.2d 1039 (1990).   Considering these factual questions, I find that summary judgment on the negligent misrepresentation claim is not appropriate.

    C.  Breach of Contract

The Defendant also argues that the Plaintiff cannot establish a breach of contract.  The Defendant contends that it did not breach the contract for inventory services because it performed the inventory counts, properly accepted the prelists, and conducted a recount at the Plaintiff's request.  The contract states that the Defendant "shall inventory the establishments of" the Plaintiff.  Exhibit C (attached to Plaintiff's Corrected Memorandum in Opposition to Defendant's Motion for Summary Judgment (Doc. No. 58), filed Oct. 6, 2000)).  The Plaintiff argues that the term "inventory" is a term of art that incorporates the Defendant's policies and procedures. Accordingly, the Plaintiff contends that although inventories were performed they were not

properly conducted under the Defendant's policies and procedures regarding audits, crew size, and prelists. I find that determining what the parties meant by the term "inventory" in the contract is a question of fact best left for determination at trial. Summary judgment is, therefore, not appropriate on the breach of contract claim.

    D.  Causation of Damages

The Defendant further argues that there is no evidence that it caused any damages to the Plaintiff. The Defendant states that it did not steal any inventory and that it had no control over the Vado store's management or inventory. The Defendant also states that the Plaintiff merely speculates that had it been informed of the actual losses earlier, it could have taken preventative steps to minimize the losses. According to the Defendant, Plaintiff's "preventative steps" allegation of damages is even more specious since the Plaintiff suffered from unacceptable losses prior to November 1998 but did not enhance security then. The Defendant further argues that the prelists amounts provided by Mr. Walker could be the sole cause of the November 1998 shortage and possibly any other shortages. In other words, the Defendant states that the culprit is Mr. Walker, not the Defendant.

Assuming that the Defendant provided inadequate and improper inventory counts, the Defendant's actions could have adversely affected the Plaintiff's perception of how well the Vado store was doing regardless of whether Mr. Walker was responsible for any thefts. Even if security may not have been the Plaintiff's main concern as evidenced by the Plaintiff's failure to address security issues when losses were previously unacceptable, the Plaintiff's perception of how well the Vado store was doing affects other business decisions like stocking or personnel decisions. Under these circumstances, I find there is sufficient evidence of causation of damages to deny

summary judgment on that issue.

      E.  Breach of Covenant of Good Faith and Fair Dealing

The Defendant argues next that the Plaintiff cannot establish that the Defendant breached its covenant of good faith and fair dealing.  "Whether express or not, every contract imposes upon the parties a duty of good faith and fair dealing in its performance and enhancement." *Watson Truck & Supply Co., Inc. v. Males*, 111 N.M. 57, 60, 801 P.2d 639, 642 (1990).  Under New Mexico law, "[w]hether there has been a breach of the covenant of good faith and fair dealing is a factual inquiry that focuses on the contract and what the parties agreed to."  *Gilmore v. Duderstadt*, 1998-NMCA-086 ¶24, 125 N.M. 330 (citing *Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 438, 872 P.2d 852, 856 (1994)).  Further, in *Continental Potash, Inc. v. Freeport-McMoran, Inc.*, 115 N.M. 690, 706, 858 P.2d 66, 82 (1993), *cert. denied*, 510 U.S. 1116 (1994), the court held that an implied covenant of good faith and fair dealing "requires a showing of bad faith or that one party wrongfully and intentionally used the contract to the detriment of the other party."  Breach of the covenant of good faith and fair dealing can also occur when "[a] party breaches the covenant of good faith and fair dealing when he or she interferes or fails to cooperate in the other party's performance." *Gilmore*, 1998-NMCA-086 ¶24.

Here, the facts do not indicate that the Defendant necessarily acted in bad faith or that it interfered or failed to cooperate in the Plaintiff's performance of the contract.  However, there is a factual issue as to whether the Defendant "wrongfully and intentionally used the contract to the detriment of the other party."  Specifically, the Plaintiff has presented evidence which might indicate that the inventory crew and the Defendant's area manager had an incentive to artificially

8

inflate productivity and avoid audits in order to increase hourly pay and make the area office's productivity appear high. I, therefore, find that summary judgment on the breach of the covenant of good faith and fair dealing is not warranted.

    F.  Negligence

The Defendant also argues that the Plaintiff cannot establish that the Defendant was negligent in performing its inventory counting services because (1) the Plaintiff complied with the contract and industry standards, and (2) the tort of negligence cannot be based upon a duty imposed by a contract, *Cottonwood Enterprises v. McAlpin*, 111 N.M. 793, 795-96, 810 P.2d 812, 814-15 (1991). To establish a claim for negligence under New Mexico law, Plaintiff must establish a duty of care owed to it by Defendant, breach of that duty, proximate causation, and damages. *See Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 650, 905 P.2d 185, 190 (1995). The duty of care owed to a plaintiff is a question of law, while breach of the duty of care is a question for the trier of fact. *See R.A. Peck, Inc.*, 108 N.M. at 84, 766 P.2d at 932.

The Plaintiff does not allege that the Defendant's duty of care arises from the contract. Instead, the Plaintiff argues that the duty of care arises from the Defendant's own policies and procedures as well as industry standards. In New Mexico, a claim for substandard services arising from a contract can be brought under a theory of negligence. *Adobe Masters, Inc. v. Downey*, 118 N.M. 547, 548, 883 P.2d 133, 134 (1994). The standard of care "is measured by the duty to apply the knowledge, care, and skill of reasonably well-qualified professionals practicing under similar circumstances." *Id*. Whether the Defendant has breached that standard of care is a factual question. Summary judgment on the negligence claim is not appropriate.

9

G.  Damages

The Defendant argues that the second page of the contract for inventory services limited damages to the fees billed by the Defendant and indicated that the Defendant is not responsible for any consequential damages.[5]  Although it is clear that neither party expected the Defendant to be responsible for inventory theft, there is a factual dispute as to whether the contract included a second page and whether the Plaintiff contemplated at the time the contract was signed that damages would not include consequential damages.  However, assuming that consequential damages were contemplated by the parties, the Defendant nonetheless argues that any request for damages in excess of the fees paid under the contract are speculative and therefore not permissible.  *See Camino Real Mobile Home Park Partnership v. Wolfe*, 119 N.M. 436, 447, 891 P.2d 1190, 1201 (1995)(citation omitted)(although damages need not be proved by mathematical certainty, they cannot be based upon speculation).  In its response to this motion for summary judgment, the Plaintiff asserts that its damages amount to about $100,000 based on the difference between inventory shortages during the 14 months before November 1998 compared to the shortages during the 14 months after November 1998.  The calculation of this amount is made upon the assumption that it is appropriate to base damages upon inventory shortages suffered by the Plaintiff.  This method of damages calculation is contrary to the undisputed fact the Defendant does not insure inventory theft or loss.  In addition, there is no evidence to reflect which portion of the inventory shortages before November 1998 was caused by the Defendant's alleged failure to follow policies and procedures and which portion was caused by theft or actual inventory loss.

---

[5]The Defendant raises for the first time in its reply a mitigation of damages issue.  Because the Plaintiff did not have an opportunity to respond to that particular issue, I decline to address it in the context of this motion for summary judgment.

For these reasons, I find that consequential damages are speculative at best and that damages should be restricted to the fees billed by the Defendant.

IT IS ORDERED that Washington Inventory Service, Inc.'s Reply in Support of Its Motion for Summary Judgment (Doc. No. 62), filed October 16, 2000 is stricken.

IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment (Doc. No. 52) is granted in part in that Plaintiff's claim for consequential damages will be dismissed with prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Counsel for Plaintiff: | Leonard J. Piazza<br>Las Cruces, New Mexico |
| Counsel for Defendant: | Peter J. Korneffel, Jr. and Munir R. Meghjee<br>Baker & Hostetler<br>Denver, Colorado |
| | Eric R. Burris<br>Keleher & McLeod<br>Albuquerque, New Mexico |